IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| CITY OF BILOXI, MISSISSIPPI )<br>    )<br>    Plaintiff, )<br>    )<br>  v. )<br>    )<br>FEDERAL EMERGNCY MANAGMENT )<br>AGENCY (FEMA) and PETER T. GAYNOR, )<br>in his official capacity as administrator. )<br>    )<br>    Defendants. )<br>_____ ) | Case No.: 1:19-cv-00363-KS-RHW |

**DEFENDANTS' RESPONSE TO CITY OF BILOXI'S
MOTION FOR JURIDICTIONAL DISCOVERY AND LEAVE TO FILE A
SUPPLEMENT TO CITY'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

Jurisdictional discovery is neither needed nor appropriate in this matter before the Court considers Defendant Federal Emergency Management Agency's ("FEMA")[1] motion to dismiss. The City of Biloxi alleges that certain "contested facts" warrant the need for discovery, but these alleged "contested facts" fall squarely within FEMA's undisputed and broad discretionary function whether to award the City additional funds. Sovereign immunity bars the City's claims.

In asking for discovery, the City points to no mandatory directive, statute, or regulation that would require FEMA to grant additional funds to the City. Even if the City could identify the same, such mandatory directives would be publicly available for which no discovery is necessary. In addition, nothing in the City's proposed discovery changes the indisputable fact that the City has filed its breach of contract claim in the wrong court.

---

[1] For ease of reference, FEMA and Defendant Peter T. Gaynor will be referred to collectively herein as "FEMA." Plaintiff City of Biloxi ("City") names in its First Amended Complaint Mr. Gaynor "in his official capacity" without specifying Mr. Gaynor's position. For clarification, on January 14, 2020, Mr. Gaynor was officially confirmed by the U.S. Senate as the FEMA Administrator. *See* https://www.fema.gov/peter-gaynor.

The issues presented in FEMA's motion to dismiss are governed by controlling case law without the need for the discovery: (1) sovereign immunity and the preservation of it under the Stafford Act;[2] (2) FEMA's discretion in administering its disaster assistance programs; and (3) the Court of Federal Claims' exclusive jurisdiction over contract claims against the United States exceeding $10,000.00. Jurisdictional discovery is unnecessary.

FEMA respectfully requests that the Court deny the City's motion for jurisdictional discovery and resume the briefing schedule on the motion to dismiss.

## ARGUMENT

As set out in the City's First Amended Complaint, the City "requested an additional $6,678,918.00 in funds for [project management] and [resident project representative] services in April 2016."[3] The City alleges FEMA "refuse[d] to provide additional funding requested by the City."[4] This request for additional funding – and FEMA's decision not to award this additional funding – are the basis for the City's lawsuit.

The City offers two theories for relief: (1) that FEMA's decision to deny the additional funding was not in accordance with the Stafford Act and Administrative Procedure Act ("APA"), and (2) FEMA breached a contractual duty owed to the City.[5] Neither of those claims necessitate jurisdictional discovery before the Court can rule on FEMA's motion to dismiss.

---

[2] Robert T. Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. §§ 5121 *et seq*. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Under the Stafford Act, which created FEMA, the "Federal Government shall not be liable for any claim based upon the exercise of performance or the failure to exercise or perform a discretionary function or duty on the part of a Federal agency or an employee of the Federal Government in carrying out the provisions of this chapter." 42 U.S.C. § 5148.
[3] *See* First Amended Compl., ECF No. 12, at ¶ 18.
[4] *Id.*
[5] *Id*. at ¶¶ 20-34.

### A. Discovery not warranted as to discretionary decision made by FEMA not to award additional funds to the City

"The party claiming federal subject matter jurisdiction has the burden of proving it exists." *St. Tammany Parish v. FEMA*, 556 F.3d 307, 315 (5th Cir. 2009) (quoting *Peoples Nat'l Bank v. Office of the Comptroller of the Currency of the U.S.*, 362 F.3d 333, 336 (5th Cir. 2004)). Here, the City must show "Congress's unequivocal waiver of sovereign immunity." *St. Tammany Parish*, 556 F.3d at 315. "At the pleading stage, plaintiff must invoke the court's jurisdiction by alleging a claim that is facially outside of the discretionary function exception." *Id.*

Furthermore, "[t]he party seeking discovery bears the burden of showing its necessity." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009).

In this case, there are no fact issues for the Court to resolve in order to determine whether sovereign immunity bars the City's claims. Indeed, just as in *Freeman*, "a party is not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion." *Id*. at 342; *see also Burgos-Montes v. Municipality of Yauco*, 294 F. Supp. 2d 141, 142-43 (D.P.R. 2003) (granting FEMA's motion to dismiss third-party complaint based on the United States' sovereign immunity and Stafford Act immunity from suit, without first requiring jurisdictional discovery); *California-Nevada Methodist Homes, Inc. v. FEMA*, 152 F. Supp. 2d 1202, 1203 (N.D. Cal. 2001) (granting FEMA's motion to dismiss based on Stafford Act bar on liability arising from discretionary actions, without requiring jurisdictional discovery).

Of the six alleged "contested facts" for which the City asserts it needs jurisdictional discovery, five[6] fall under FEMA's express discretionary function[7] in deciding whether to award additional funding to the City. Taken one at a time, the City's alleged "contested facts" are:

- ***Whether FEMA failed to take actions required by the Stafford Act and FEMA's own rules and policies.*[8]**

*Freeman* addressed this issue and held a "vague" assertion in support of jurisdictional discovery does not warrant additional discovery, especially when any such alleged mandatory rules or policies that the City alleges at issue would already be publicly available. *See Freeman*, 556 F.3d at 341-42. The City does not identify any rule or policy that would ***mandate*** FEMA award it additional funds. Moreover, actions FEMA takes in deciding whether to award additional funds are within its discretion under the Stafford Act, protected by sovereign immunity. As discussed in *Freeman*:

> In their brief to this court, plaintiffs asseverate that discovery would reveal whether governmental mistakes were the result of an exercise of discretion or operational negligence, of delays in answering mission assignments, of nonchalance in pre-positioning supplies and personnel, of failing to provide adequate medical supplies, or of blockading the American Red Cross from evacuation points. This amorphous discovery request—which is at least more detailed than the general request asked of the district court to permit discovery to "flesh out" specifics of negligence—*fails to assert the existence of a particular federal regulation, order, or directive (or the potential contents of any such authority) that is not already known in this case and that falls outside of the discretionary function exception*. *Nor do plaintiffs suggest how discovery might lead to such a directive*; thus, the district court did not abuse its discretion when it denied this broad request for discovery.

*Id.* (emphasis added). The City's vague attempt at asserting an undefined, mandatory requirement as part of FEMA's discretion in deciding whether to award additional funds is

---

[6] The sixth alleged "contested fact" is related to the City's breach of contract claim, discussed *infra*.
[7] An agency decision is discretionary, and thus shielded by sovereign immunity, where: (1) a choice or judgment is involved in the performance of the function and no statute mandates a particular course of action, and (2) the activity is grounded in social, economic, or political activity. *Berkovitz v. United States*, 486 U.S. 531, 536-37 (1998).
[8] *See* City's Mem. in Support of Mot. for Jurisdictional Discovery (ECF No. 22) at p.2.

insufficient to warrant jurisdictional discovery.

- ***Whether the City submitted all documentation required by FEMA for the City's second administrative appeal.*[9]**

This is an issue clearly within FEMA's discretionary decision-making as to what it considered and whether it would award additional funding. The City points to nothing that would mandate an award of additional funding based on whether the City submitted all of the documentation or not. FEMA's discretionary decision not to award additional funds is precluded from the City's claims by sovereign immunity.

- ***Whether FEMA actually reviewed and analyzed the full documentation submitted by the City.*[10]**

As with the above-stated alleged "contested fact," this issue is not an issue that addresses the crux of FEMA's motion to dismiss. Nothing about FEMA's review and/or analysis of the documentation submitted by the City would then mandate an award of additional funds. It is a discretionary decision. The City may disagree with that decision, may assert FEMA should have given more weight to one thing or another, but that is exactly the type of discretion that Congress intended to shield from litigation. "Eligibility determinations, the distribution of limited funds, and other decisions regarding the funding of eligible projects are inherently discretionary and the exact types of policy decisions that are best left to the agencies without court interference." *St. Tammany Parish*, 556 F.3d at 325.

- ***Whether the City's Resident Project Representative ("RPR") services are "special services" not subject to the Project Management ("PM") allowance under FEMA's own policies and guidelines.*[11]**

---

[9] *Id*. at p. 2.
[10] *Id*. at p. 2.
[11] *Id*. at p. 3.

The City's allegation here does not address what discovery it is seeking, but instead contests a definition of "special services" and offers nothing as to what additional discovery would add. The City points to nothing that discovery on this issue would then mandate additional funding to the City. This is not a "contested fact" that would overcome FEMA's discretionary decision not to award additional funding to the City.

- *In FEMA's initial denial of the City's request for the transfer of $6,678,918.00, FEMA admitted that FEMA "would need to perform a full cost analysis to determine if the claimed costs were reasonable…." (Ex. 1 [to City's Response to Defendants' Motion to Dismiss], Declaration of Walter A. Rode, Ex. "B", FEMA's First Appeal Analysis, p. 2 second full ¶.) To the City's knowledge, FEMA never performed the needed full cost analysis. If FEMA were to perform the needed full cost analysis, the facts would confirm that the City's request for the $6,678,918.00 is reasonable and that FEMA erred in not amending its original estimates of PM and RPR services at the time of approving the extensions of time for completion of construction. FEMA's full cost analysis should be produced to this Court.*[12]

This, too, is clearly a matter within the discretionary function of FEMA. The determination about what is "reasonable," as the City argues here, is exactly the kind of eligibility determination and discretion given to FEMA. The City points to no mandatory directive and merely speculates about whether FEMA should have done something within its discretion to award additional funds to the City. Nor does the City assert that any discovery into this matter would then result in FEMA being required to award additional funds to the City.

As in *Freeman*, the City has "failed to articulate a discrete discovery request that might cure the jurisdictional deficiency and have failed to otherwise specify where they might discover the necessary factual predicate for subject matter jurisdiction…." *Freeman*, 556 F.3d at 342.

**City's authority is inapplicable**. Notably, none of the cases relied upon by the City involve jurisdictional discovery in the context of a Stafford Act claim against FEMA. On the

---

[12] *Id.* at p. 3.

6

contrary, most of these cases deal with a "course and scope" analysis for specific government employees and whether those employees' actions subjected the government to liability, not at all analogous to the City's claims that FEMA is somehow mandated to award additional funds to the City. One of the City's cited cases[13] addresses claims that were so "attenuated and unsubstantial" that the court dismissed them, as the City's claims should be dismissed here. As cited in the City's memorandum in support of its motion:

- *Montez v. Dep't of Navy*, 392 F.3d 147 (5th Cir. 2004) (in Federal Tort Claims Act litigation involving a one-car accident, court should not have dismissed under Rule 12(b)(1) when it was contested whether the enlisted Navy driver was acting in the course and scope of his duty with the Navy)[14]

- *Palmer v. Ocean Club at Biloxi, Ltd.*, 2008 WL 4934045 (S.D. Miss., Oct. 21, 2008) (in a lawsuit involving the Interstate Land Sales Full Disclosure Act, court considered whether a party was a "developer" or "agent" under the Act)[15]

- *Southpark Square Ltd. v. City of Jackson, Mississippi*, 565 F.2d 338 (5th Cir. 1977) (in takings claim brought against a city, the claims were "so attenuated and unsubstantial as to be absolutely devoid of merit" and dismissed the claims) (citation omitted)[16]

- *Sizova v. Nat'l Inst. of Standards & Technology*, 282 F.3d 1320 (10th Cir. 2002) (in a gender discrimination lawsuit, question of whether plaintiff exhausted administrative remedies could not be resolved on motion to dismiss)[17]

- *Williamson v. Tucker*, 645 F.2d 404 (5th Cir. 1981) (in case involving application of the Securities Act of 1933 and the Securities Exchange Act of 1934, Fifth Circuit held that claim that the joint venture interests were "securities" was not so immaterial or insubstantial as to warrant dismissal of the suit for lack of subject-matter jurisdiction).[18]

- *Godwin v. United States*, 2014 WL 4846400 (S.D. Miss., Sept. 29, 2014) (in motor-vehicle accident case, court considered whether individual was "on duty" for purposes of liability, i.e., a course and scope analysis).[19]

---

[13] *Southpark Square Ltd. v. City of Jackson, Mississippi*, 565 F.2d 338 (5th Cir. 1977).
[14] *Id.* at p. 4.
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.*

Unlike any of the cases cited by the City, the City's allegations in this case challenge the discretionary function of FEMA, which is protected from such claims by sovereign immunity. Discovery will do nothing to advance these meritless claims. *See, e.g., Rebuild Northwest Florida, Inc. v. FEMA,* 2019 WL 4806344, at *4 n.15 (N.D. Fl. 2019) (deciding that challenged FEMA action was a discretionary function under test set forth in *Berkovitz* [*see* n. 6, *supra*] and rejecting plaintiff's assertion that making that such a decision "goes beyond the pleading stage"); *People's Workshop, Inc. v. FEMA,* 2019 WL 1140196, at *9 (M.D. La. 2019) (applying *Berkovitz* test, finding discretionary function doctrine applied, and granting FEMA's motion to dismiss without first requiring jurisdictional discovery). Consequently, the Court should deny the City's motion as to these five alleged "contested facts."

**B.    Jurisdictional discovery not necessary to dismiss the City's breach of contract claim, which is filed in the wrong court**

The City argues that the issue of whether a contractual relationship existed between it and FEMA is a "contested fact" requiring discovery before the Court can rule on FEMA's Motion to Dismiss.[20] As set out in the City's motion, this single remaining issue over which it wants jurisdictional discovery is stated by the City as follows:

- *Whether documents exist constituting a binding contract between FEMA and the City*[21]

There are no relevant jurisdictional fact issues regarding the City's breach of contract claim. The singular relevant, undisputed fact is the City's allegation of breach of contract against the United States in an amount exceeding $10,000.00. As FEMA has argued in its

---

[20] Mot. for Jurisdictional Discovery and Leave to File a Supplement to City's Response to Defendants' Mot. to Dismiss (ECF No. 21) at ¶ 4.
[21] *Id*. at p. 2.

motion to dismiss, the Court of Federal Claims has exclusive jurisdiction over such a claim.[22] The Court here can decide that purely legal issue without the need for discovery, as courts have done in other cases alleging breach of contract against FEMA. *See, e.g.*, *Burgos-Montes*, 294 F. Supp. 2d at 143.

Even taking the City's assertion as true as to whether documents exist as to make a "binding contract," the City has filed this contract claim in the wrong court. A breach of contract claim against FEMA is properly before the Court of Federal Claims, not this Court, as set out in FEMA's motion to dismiss.[23] Discovery is not needed to draw that conclusion.

Nor is discovery as to the existence of a contract necessary to determine the sufficiency of the City's breach of contract claim, even if this Court had jurisdiction over it. The City claims in its First Amended Complaint that the alleged contractual relationship can be found in the Public Assistance Project Worksheet ("PW") addressing project management services, and it now further asserts that this contract consists of the multiple separate PWs (now consolidated) covering each of the work sites, as well as the FEMA-State agreement to which the State of Mississippi, the Public Assistance grant recipient, is a party.[24] These are simply legal conclusions, not contested facts for which discovery is necessary. And "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million*, Inc., 296 F.3d 376, 378 (5th Cir. 2002) (internal quotation marks omitted).

FEMA has submitted authority that directly contradicts the City's contract theory.[25] The

---

[22] Mem. in Support of Mot. to Dismiss (ECF No. 15) at 6-8.
[23] *Id*.
[24] First Amended Compl., ECF No. 12, at ¶¶ 32; Mot. for Jurisdictional Discovery and Leave to File a Supplement to City's Response to Defendants' Mot. to Dismiss, ECF No. 21, Exh. 1, Declaration of Walter A. Rode at ¶¶ 4-6, 8.
[25] Mem. in Support of Mot. to Dismiss, ECF No. 15, at 13-14.

Court can fully address the sufficiency of those theories after reviewing that authority and the parties' legal arguments. Discovery is not necessary for the court to resolve this purely legal issue. *See, e.g.*, *Columbus Regional Hospital v, United States*, 2019 WL 5076955, \*\*4-8 (Fed. Cl. Oct. 10, 2019) (finding, without requiring discovery, that a FEMA Public Assistance subrecipient could not demonstrate that it had a contract with FEMA, express or implied; that it was a third-party beneficiary to a FEMA-state agreement; or that that a PW constitutes an express contract between FEMA and a subrecipient).

## CONCLUSION

Jurisdictional discovery is not necessary to conclude that the City has failed to establish subject matter jurisdiction or stated a claim upon which relief can be granted. Thus, FEMA respectfully requests that the Court deny the City's motion for jurisdictional discovery and allow briefing on FEMA's motion to dismiss to resume.

Respectfully submitted,

D. MICHAEL HURST, JR.
United States Attorney
Southern District of Mississippi

By: */s/ Gregg Mayer*
JENNIFER CASE (MS Bar #104238)
GREGG MAYER (MS Bar #102232)
Assistant United States Attorneys
Southern District of Mississippi
501 E. Court Street
Suite 4.480
Jackson, Mississippi 89201
(601) 965-4480
Jennifer.L.Case@usdoj.gov
Gregg.Mayer@usa.doj.gov

## CERTIFICATE OF SERVICE

      I, Gregg Mayer, Assistant U.S. Attorney, hereby certify that, on this day, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which served to send notification of this filing to the appropriate counsel in this case.

Date:  May 13, 2020            */s/ Gregg Mayer*
                                                         Assistant United States Attorney