IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CITY OF BILOXI, MISSISSIPPI**                                                               **PLAINTIFF**

**V.**                                                           **CASE NO.: 1:19-cv-363-KS-RHW**

**FEDERAL EMERGENCY**
**MANAGEMENT AGENCY and**
**PETER T. GAYNOR, in his official capacity.**                        **DEFENDANTS**

## REBUTTAL MEMORANDUM IN SUPPORT OF MOTION FOR JURISDICTIONAL DISCOVERY AND LEAVE TO FILE A SUPPLEMENT TO CITY'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

The City of Biloxi (" City") respectfully submits this rebuttal memorandum in support of its Motion for Jurisdictional Discovery and Leave to File a Supplement to City's Response to Defendants Motion to Dismiss [Doc. 21] The discovery is requested to prepare a supplement necessary for City's full and complete response to the Motion to Dismiss [Doc. 14] filed by the Federal Emergency Management Agency and Peter T. Gaynor, in his official capacity (collectively "FEMA") in this matter.

FEMA's Response [Doc. 24] continues to mischaracterize the relief sought by the City as a claim to compel FEMA to exercise discretion to award additional grant funds. Not so. The City is not seeking funds in addition to the amount of the existing Public Assistance grant award. The City is not asking that FEMA exercise discretion. The City is not asking that FEMA add more money to the grant award. Furthermore, the City does not seek a judgment for money damages. On. p 2 of its Response [Doc. 24), FEMA's reference to the City's request for "additional funding" in ¶ 18 of the First Amended Complaint [Doc 12] mischaracterizes the request to be for an additional grant of funds. FEMA's Response [Doc. 24] fails to acknowledge, as FEMA's own policies provide (*see* Doc. 18-1& Doc 19), that the

1

City's request is merely for recognition that additional Project Management ("PM") and Resident Project Management ("RPR") services in this fact situation are not limited to 4% of construction costs and therefore should be authorized for reimbursement out of the existing grant amount, as, if and when such costs are paid by the City.

By virtue of FEMA's re-obligation (in partial settlement of the original Complaint [Doc. 1]) of $8,820,189.64 (also part of the existing grant award) for the same kind of PM and RPR services as are in now dispute in the First Amended Complaint, FEMA admitted that correcting its own errors in the allocation of grant funds already awarded is not a discretionary function—it is an action compelled by its own policies (*see* Doc. 12-2.)

Under 5 U.S.C. § 706, a reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions" found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law," or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," or "without observance of procedure required by law." 5 U.S.C. § 706(2). The finder of fact must determine, *inter alia,* whether FEMA's failure to act was arbitrary, capricious, an abuse of discretion, or short of statutory right.

Section 705(c) of the Stafford Act provides:

> (c) Binding Nature of Grant Requirements – A State or local government *shall not* be liable for reimbursement or any other penalty for any payment made under this Act if-
>> (1) the payment was authorized by an approved agreement specifying the costs;
>> (2) the costs were reasonable; and
>> (3) the purpose of the grant was accomplished.

42 U.S.C. § 5205(c).

The City's case is an action for administrative review and declaratory relief arising from FEMA's arbitrary and capricious failure to comply with the *Robert T. Stafford Disaster Relief and Emergency Assistance Act*, 42 U.S.C. §§ 5121, et seq. ("*Stafford Act*"), and the *Administrative Procedure Act*, 5 U.S.C. §§ 701-706, ("*APA*") in connection with the administration of disaster assistance funds granted to Biloxi. The *APA* waives sovereign immunity and authorizes this Court to resolve the City's claims, stating:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

5 U.S.C. §702.

The discovery sought by the City would assist the Court, as finder of fact, in determining whether payments for the disputed PM and RPR services meet the requirements of the *Stafford Act,* 42 U.S.C. § 5205(c)—*i.e.,* whether they are authorized by an approved agreement, are reasonable and in service to accomplishing the purpose of the grant.  Further the discovery will assist the court in finding whether FEMA's failure to act to correct its own errors, as required by its own policies, constitutes agency action that is arbitrary, capricious, an abuse of discretion, or short of statutory right.

FEMA argues in its Response [Doc. 24, p. 6] that the issue of "reasonable" costs under the Stafford Act, *supra,* falls within FEMA's discretion to award "additional" funds, but the City does not seek additional funds.  Furthermore, the City would show at trial that as a matter of fact, FEMA has already determined that the disputed PM and RPM costs are reasonable (*see,* Doc. 18-1 & Doc. 19). Even if the reasonableness of the PM and RPM services were

construed as within FEMA's discretion, FEMA has already decided they are reasonable. Failing to authorize reimbursement in this fact situation would be arbitrary and capricious and an abuse of discretion.

Also, the City seeks declaratory relief (not money damages) regarding FEMA's anticipatory breach of its contractual duty of good faith and fair dealing under its agreements with MEMA and City. The City is asking the Court to declare that FEMA's agreement with MEMA (one of the documents the City seeks in discovery) that awarded the existing (not additional) grant amount mandates that FEMA authorize sufficient funds from the existing grant to reimburse the City (the primary beneficiary of the FEMA-MEMA agreement) for PM and RPR services made necessary by FEMA's errors in estimating total time and costs for completion of construction. Discovery will assist the Court in finding whether contracts exist between FEMA, MEMA and City and whether FEMA in its ordinary course of business makes such adjustments in allocations as a contractual, administrative duty based on the facts and not as a discretionary function. Discovery will also disclose whether FEMA ever received and reviewed the additional documents that it asked for and that the City delivered.

In FEMA's <u>initial</u> denial of the City's request for the transfer of $6,678,918.00, FEMA admitted that FEMA "would need to perform a full cost analysis to determine if the claimed costs were reasonable…." (Doc 18-1, Declaration of Walter A. Rode, Ex. "B", FEMA's First Appeal Analysis, p. 2 second full ¶.) To the City's knowledge, FEMA never performed the needed full cost analysis before making its second denial, which is the subject of this case. If FEMA actually performed the needed full cost analysis, the document may confirm that FEMA found the City's request for the $6,678,918.00 is indeed reasonable and that FEMA

4

erred in not amending its original estimates of PM and RPR services at the time of FEMA approving the extensions of time for completion of construction.

Discovery will reveal whether FEMA ever conducted the cost analysis and whether FEMA has already determined that the disputed PM and RPR costs should be subject to reimbursement once expended in completion of the contract.

If FEMA has such a cost analysis and finding that City's requested costs are necessary for completion of the project during the extended time for completion, then FEMA's failing to act to correct its mistakes in estimates would be an arbitrary, capricious agency action and abuse of discretion.

Discovery will also reveal whether FEMA received all of the documents it requested from the City and whether FEMA reviewed them and made findings of fact regarding them before or after the second denial.

When the United States or its agencies enter into contract relations, "its rights and duties therein are governed generally by the law applicable to contracts between private individuals." *Franconia Associates v. U.S*., 536 U.S. at 141 (citing *Mobil Oil Exploration,* 530 U.S. at 607). Mississippi law imposes a duty of good faith and fair dealing in the execution of all contracts. The breach of good faith is bad faith characterized by "some conduct which violates standards of decency, fairness and reasonableness." *Johnston v. Palmer*, 963 So.2d 586, 594 (Miss. Ct. App. 2007) (citing *Cenac v. Murray*, 609 So.2d 1257, 1272 (Miss. 1992)). "'Bad faith' is not simply bad judgment or negligence, rather it implies the conscious doing of wrong because of dishonest purpose or moral obliquity." *Id*. (citing *Bailey v. Bailey*, 724 So.2d 335, 338 (Miss. 1998)).

FEMA, MEMA and Biloxi worked together to create PW 11235 and determined that $21M estimated for PM and RPR services was reasonable as evidenced by the language of PW 11235 itself and various memoranda sent between the parties. FEMA deemed the estimated $21M in funds obligated as reasonable and necessary to complete the complex Biloxi infrastructure project by February 28, 2013.

FEMA breached its duty to execute its contract extension on the timeline of performance with Biloxi in good faith by acting in ways which violate standards of decency, fairness and reasonableness. By extending the timeline to complete the Biloxi infrastructure project through December 2024 (approximately 10 years beyond the date originally estimated), FEMA has admitted and acknowledged the complexity of the project and the need for additional PM and RPM services. Biloxi reasonably believed that because the project completion date was extended to 2024 by FEMA, FEMA would also obligate the funding necessary to complete such project, including PM and RPR services. Biloxi has relied to its detriment on the fact that FEMA extended the project timeline until 2024. Along with costs of construction, Biloxi has incurred, and will continue to incur, costs for PM and RPR services. FEMA expects Biloxi to fulfill its contractual duty to complete the project, yet FEMA is unwilling to fund the services which would naturally expand from FEMA's estimates of costs and time in its original authorization into FEMA's extended project timeline. It is unfair, unreasonable and against moral obliquity for FEMA to require Biloxi to complete the project before the extended deadline but not fulfill FEMA's end of the bargain by providing additional funding for PM and RPR services that are crucial to completion. Further, FEMA's decision not to authorize $6.6 Million in additional costs for PM and RPR services after approving a construction extension through December 2024 constitutes bad faith, which can be remedied by a judgment declaring that the disputed PM and

6

RPR costs are eligible for reimbursement as and when expended in the future, out of the existing grant funds.

On page 10 of its Response [Doc. 24], FEMA cites a U.S. Court of Federal Claims case, *Columbus Regional Hospital v. United States*, 145 Fed. C. 217, 2109 U.S. Claims LEXIS 1342, 2019 WL 5076955, finding that there was no jurisdiction. The holding in *Columbus Regional Hospital, id.,* does not apply to the City's case, because:

a) Columbus Regional Hospital was not a local government and political subdivision of the State of Indiana, unlike the City of Biloxi, which is within the class of intended beneficiaries of the FEMA-MEMA contract, which will become evident upon production of this document under the jurisdictional discovery requested by the City;

b) FEMA admitted it entered a contract with the Indiana equivalent of MEMA, and the contract was available to the parties and the Court, unlike the City's case in which the City is seeking discovery of the FEMA-MEMA contract;

c) At issue was the validity and propriety of third-party contracts for remediation work for the hospital, unlike the City's use of in-house PM and RPM employees whose employment agreements and types of services are not at issue;

d) The hospital sought money damages, not the declaratory relief that the City is seeking;

e) The hospital did not sufficiently allege offer, acceptance and consideration, to establish a contract, unlike the City's averments; and

f) It does not appear in the opinion that the hospital sought or was denied jurisdictional discovery in response to FEMA's motion to dismiss.

However, *Columbus Regional Hospital, id.,* does support the City's position, because the Court, in the penultimate sentence of its Opinion dismissing the complaint, added this footnote #6:

> Plaintiffs, like the Hospital, claiming a violation of the law by FEMA **are not left without judicial review and a possible remedy for such a violation. They may maintain actions in district court under the Administrative Procedure Act**…. (Emphasis added.)

*Id.,* at p. 8.

## CONCLUSION

In FEMA's Response [Doc. 24] and its Motion to Dismiss [Doc. 14], all of FEMA's arguments fail, because, *inter alia*, they rely on two false premises—i.e., (1) that the City's relief seeks compulsion of FEMA's discretion to award addition grant funds, and (2) that the City seeks a judgment for money damages. The City merely seeks declaratory judgment that in this fact situation, and according to FEMA's own policies, the PM and RPR services are eligible in the future, during the FEMA-approved extension of completion of construction, for reimbursement out of funds already awarded.

Sovereign immunity has been waived for claims arising out of agency action under the fact situation of this case.

There is no claim for money damages. The City seeks declaratory relief under the *APA* and contract law that is not subject to the exclusive jurisdiction of the U.S. Court of Claims.

FEMA's Response [Doc. 24] does not aver that the City's federal law claims are frivolous. Clearly, the City's claims [Doc. 12] are not frivolous, and the fact issues on jurisdiction and the merits are intertwined. Therefore, the City meets the jurisdictional test in *Bell v. Hood*, 327 U.S. 678 (1946) and *Southpark Square Ltd. v. City of Jackson,* 565 F.2d 338, 341 (5th Cir.1977).

Limited discovery should be allowed in order to have a sufficient record for the City to fully response to FEMA's Motion to Dismiss [Doc. 12] and a sufficient record for the Court to determine jurisdiction.

RESPECTFULLY SUBMITTED, this the 20th day of May, 2020.

**CITY OF BILOXI, MISSISSIPPI**

BY: */s/ Peter C. Abide*
PETER C. ABIDE (MSB # 1026)
**CURRIE JOHNSON & MYERS, P.A.**
Attorneys for City of Biloxi, Mississippi
925 Tommy Munro Drive, Suite H
Biloxi, Mississippi 39532
(228) 385-1010 Telephone
(228) 385-1011 Facsimile
pabide@curriejohnson.com

BY: */s/ Gerald Blessey*
GERALD BLESSEY (MSB # 3591)
**GERALD BLESSEY LAW FIRM**
Attorney for City of Biloxi, Mississippi
2577 Chatham Court
Biloxi, Mississippi 39531
blesseylaw@me.com

## CERTIFICATE OF SERVICE

I, Peter C. Abide , hereby certify that on the below referenced date, I electronically filed the foregoing document with the Clerk of the Court using the ECF system for provision of notification which sent a copy of same to all counsel of record.

THIS the 20th day of May, 2020.

*/s/ Peter C. Abide*
PETER C. ABIDE, ESQUIRE


**PETER C. ABIDE ESQUIRE**
Mississippi Bar Number 1026
**CURRIE JOHNSON & MYERS, P.A.**
925 Tommy Munro Drive, Suite H
Biloxi, Mississippi  39532
(228) 385-1010
(228) 385-1011 fax
pabide@curriejohnson.com

9